UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALTER WILLIAMS and MONTRELL CARR, individually and for a class, | ) ) ) 16 C 7639 ) ) Judge Gary Feinerman ) ) ) ) ) ) |
| Plaintiffs, | |
| vs. | |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, | |
| Defendants. | |

**M<small>EMORANDUM</small> O<small>PINION AND</small> O<small>RDER</small>**

Walter Williams and Montrell Carr, pretrial detainees at Cook County Jail, filed this suit under 42 U.S.C. § 1983 against the Sheriff of Cook County and Cook County itself, alleging that dental care at the jail is constitutionally inadequate. Doc. 15. They seek injunctive relief, but not damages, for themselves and a putative class. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 25. The motion is denied.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Plaintiffs' brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013). The facts are set forth as favorably to Plaintiffs as those materials allow. *See Pierce v. Zoetis*, 818

F.3d 274, 277 (7th Cir. 2016). In setting forth those facts at the pleading stage, the court does not vouch for their accuracy. *See Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 384 (7th Cir. 2010).

Plaintiffs are pretrial detainees at Cook County Jail. Doc. 15 at ¶ 2. The jail employed a full-time oral surgeon until 2007. *Id*. at ¶¶ 5-6. In the oral surgeon's stead, Defendants adopted a policy of sending detainees in need of oral surgery to Stroger Hospital, but that policy is ineffective because they do not provide the resources necessary to transport detainees to the hospital. *Id*. at ¶¶ 11-12. In 2011, the chief of dental services at the jail warned that employing a full-time oral surgeon was "absolutely essential." *Id*. at ¶ 15.

On January 4, 2016, a jail dentist examining Williams, who had complained of dental pain, determined that his pain could have resulted from a fractured tooth, which would require a microscope to diagnose. *Id*. at ¶ 19. Instead of attempting such a diagnosis, the dentist removed a filling and replaced it with a temporary sedative filling. *Ibid*. The dentist did not note signs of infection, but prescribed antibiotics anyway. *Ibid*. Williams's pain persisted, and on January 26, the dentist suggested that he see a different provider. *Id*. at ¶ 20.

On March 29, a physician's assistant referred Williams for a priority dental appointment to treat "chronic toothache." *Id*. at ¶ 21. On April 13, a dentist prescribed painkillers and another dose of antibiotics. *Id*. at ¶ 22. During an examination on April 20, Williams asked to have the tooth pulled, but the dentist declined. *Id*. at ¶ 23. On June 8, Williams received antibiotics and pain medications but again did not have his tooth pulled. *Id*. at ¶ 26.

A jail dentist examined Carr in February 2016 due to pain in his wisdom teeth. *Id*. at ¶¶ 34-35. The dentist told him he needed to see an oral surgeon at Stroger to have the teeth pulled. *Id*. at ¶ 35. Carr saw the same dentist three or four more times; each time, he received

pain medication and was told that his appointment at Stroger was "coming soon." *Id*. at ¶ 36. He was never treated by an oral surgeon. *Id*. at ¶ 37.

In this suit, Plaintiffs seek "appropriate injunctive relief." *Id*. at 8. They have moved to certify these two injunction classes under Rule 23(b)(2):

> 1. All persons confined at the Cook County Jail who have been referred by a dentist at the Jail for an extraction by an oral surgeon and are experiencing pain while awaiting treatment by an oral surgeon.
>
> 2. All persons currently confined at the Cook County Jail who, having complained of dental pain, have been prescribed successive course[s] of treatments with antibiotics without having received the dental procedure required to permanently alleviate the dental pain.

Doc. 30 at 1.

## Discussion

Defendants press three arguments in their motion to dismiss. All fail to persuade.

**I. Failure to Request Specific Relief**

Defendants contend that the complaint is defective because it does not articulate the relief Plaintiffs seek. Doc. 25 at 7-8. That is wrong, as the complaint asks the court to "grant appropriate injunctive relief." Doc. 15 at 8. In any event, "[a]lthough Rule 8(a)(3) of the civil rules requires that a complaint contain 'a demand for [the relief sought],' the demand is not itself a part of the plaintiff's claim, and so failure to specify relief to which the plaintiff [is] entitled [does] not warrant dismissal under Rule 12(b)(6) … ." *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (citations omitted).

**II. Preclusive Effect of *Smentek***

Defendants also argue that Plaintiffs' claims are precluded by decisions issued in *Smentek v. Sheriff of Cook County*, No. 09 C 529 (N.D. Ill. filed Jan. 27, 2009), an earlier case alleging inadequate dental services at Cook County Jail. Doc. 25 at 5-7. The district court in *Smentek*

3

certified two classes early in the litigation. The first, an injunction class under Rule 23(b)(2), consisted of "all persons presently confined at the Cook County Jail who are experiencing dental pain and who have waited more than seven days after *making a written request for treatment of that pain* without having been examined by a dentist." *Smentek v. Sheriff of Cook Cnty.*, 2010 WL 4791509, *6 (N.D. Ill. Nov. 18, 2010). The second, a damages class under Rule 23(b)(3), consisted of "all inmates housed at Cook County Department of Corrections on or after January 1, 2007, who have made a written request for dental care because of acute pain and who suffered prolonged and unnecessary pain because of a lack of treatment." *Smentek v. Sheriff of Cook Cnty.*, 2011 WL 13136965, *6 (N.D. Ill. Aug. 17, 2011). After a hearing at which the court denied injunctive relief for reasons stated on the record, the court decertified the injunction class and then modified the damages class to include an end date of October 31, 2013. *Smentek v. Sheriff of Cook Cnty.*, 2014 WL 7330792, *11 (N.D. Ill. Dec. 22, 2014); *Smentek v. Sheriff of Cook Cnty.*, 2016 WL 5939704, *5 (N.D. Ill. Oct. 13, 2016). Defendants contend that *Smentek* is preclusive as to Plaintiffs' request for injunctive relief and effort to certify a class.

The preclusive effect of *Smentek* is governed by federal law. *See Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). The claim preclusion doctrine, also called *res judicata*, provides that "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (internal quotation marks omitted). The issue preclusion doctrine, also called collateral estoppel, "prohibits relitigation of an issue of fact or law when the issue is actually litigated, determined by a final judgment and essential to the judgment of a prior tribunal." *Martin v. Garman Const. Co.*, 945 F.2d 1000, 1004 (7th Cir. 1991). Both preclusion doctrines require an identity of the parties or their privies

4

in the two cases. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n. 7 (1979); *Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989).

That requirement is not met here. Although the injunction class in *Smentek* might have included Plaintiffs, it ultimately was decertified. Citing *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 333 F.3d 763 (7th Cir. 2003), Defendants contend that a decision declining to certify or decertifying a class precludes subsequent attempts to certify another class for the same claim. Doc. 35 at 3-4. However, the Supreme Court saw things differently in *Smith v. Bayer Corp.*, 564 U.S. 299 (2011), holding that "[n]either a proposed class action nor a rejected class action may bind nonparties." *Id*. at 315.

Defendants submit that *Smith* addressed only whether the Anti-Injunction Act, 28 U.S.C. § 2283, could be used to bar a state court class action after a federal court class action had been rejected. Doc. 35 at 3. But nothing in *Smith* limited the decision's reach to the Anti-Injunction Act, and the opinion makes clear that it speaks to the broader rule against nonparty preclusion: "[O]ur legal system generally relies on principles of *stare decisis* and comity among courts to mitigate the sometimes substantial costs of similar litigation brought by different plaintiffs. We have not thought that the right approach … lies in binding nonparties to a judgment." *Smith*, 564 U.S. at 317; *see also Thorogood v. Sears, Roebuck and Co.*, 678 F.3d 546, 551 (7th Cir. 2012) (noting that *Smith* applies beyond the Anti-Injunction Act). The fact that the injunction class was certified at one point is inconsequential under *Smith*. *See Thorogood*, 678 F.3d at 551 (holding that a member of a decertified class was not a party to the earlier suit even though "there *was* a time—between the district court's certifying the class and our ordering it decertified—during which a class action 'existed,' though not it seems one that was 'properly conducted,' for the class was decertified on appeal").

5

Accordingly, because Plaintiffs cannot be deemed parties to the *Smentek* suit, there is no identity of parties or privies between that suit and this one. It is true that preclusion does not demand *strict* identity of parties; in some cases, parties in privity can meet this requirement. *See Kraushaar v. Flanigan*, 45 F.3d 1040, 1050 (7th Cir. 1995); *Kunzelman v. Thompson*, 799 F.2d 1172, 1178 (7th Cir. 1986). But the privity principle applies only where the parties are "so closely aligned that they represent the same legal interest," with the question being "whether the [parties against whom estoppel is asserted] were sufficiently involved in the [previous] litigation to actuate principles of collateral estoppel." *Kraushaar*, 45 F.3d at 1050. That standard is not met here. Nothing in the present record suggests that Plaintiffs had any involvement in *Smentek*, beyond being absent class members of a decertified class. Under these circumstances, preclusion does not apply. *See Brown v. Am. Airlines, Inc.*, 285 F.R.D. 546, 553 (C.D. Cal. 2011) (declining, post-*Smith*, to find privity as to absent members of a decertified class).

## III. The *Phillips* Decision

Finally, Defendants contend that *Phillips v. Sheriff of Cook County*, 828 F.3d 541 (7th Cir. 2016), which affirmed the *Smentek* court's decertification of the injunction class, defeats Plaintiffs' putative injunction class here. Doc. 25 at 3-5. Defendants are incorrect.

Recognizing that a district court's decision to certify or decertify a class is reviewed for abuse of discretion, *Phillips*, 828 F.3d at 549, the Seventh Circuit held that based on the record there, the district court did not abuse its discretion in concluding that the plaintiffs' claims were highly individualized and thus not appropriate for class resolution. *Id*. at 558. In so holding, the Seventh Circuit was careful to note: "We express no opinion on the potential merits of the pending class action or on any individual detainee's claims. Rather, we simply hold that the district court did not abuse its discretion when it concluded, on the record before it, that the

6

detainees' claims do not present common issues of law or fact." *Ibid*. The Seventh Circuit did not hold that deliberate indifference claims involving dental treatment at Cook County Jail could *never* prevail or be certified.

That is sufficient to hold that *Phillips* does not preclude class certification here. That is particularly true given that this case remains at the pleading stage, with the motion before the court being not a motion to certify or decertify a class, but a motion to dismiss. Rule 23(c)(1)(A) states: "At an early practicable time after a person sues … as a class representative, the court must determine by order whether to certify the action as a class action." The Rule's text plainly indicates that the court may reject a plaintiff's attempt to represent a class as soon as it becomes obvious that he will be unable to satisfy Rule 23. However, most often it will not be "practicable" for the court to do that at the pleading stage. As a general rule, whether a suit can be maintained as a class action is determined not on a Rule 12 motion, but on a motion to certify under Rule 23. *See Dochak v. Polskie Linie Lotnicze LOT S.A.*, 189 F. Supp. 3d 798, 809 (N.D. Ill. 2016); *Howell v. Rush Copley Med. Grp. NFP*, 2012 WL 832830, *2-3 (N.D. Ill. Mar. 12, 2012); *Howard v. Renal Life Link, Inc.*, 2010 WL 4483323, *2 (N.D. Ill. Nov. 1, 2010); *Holtzman v. Caplice*, 2008 WL 2168762, *2-3 (N.D. Ill. May 23, 2008); 7B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1798, at 226-29 (3d ed. 2005). An exception to the general rule applies where the complaint reveals fatal deficiencies with class claims that warrant their dismissal at the pleading stage. *See Wright v. Family Dollar, Inc.*, 2010 WL 4962838, *1 (N.D. Ill. Nov. 30, 2010).

That is not the case here, however. *Smentek* and *Phillips* certainly suggest that classes in cases like this one may be difficult to certify; medical treatment is by its nature individualized. However, at this stage in the litigation, with the facts and inferences drawn therefrom viewed in

7

the light most favorable to Plaintiffs, it is at least possible to conceive of common questions, amenable to classwide answers, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), that satisfy Rule 23. For example, Plaintiffs could present common questions concerning whether there was a general policy to provide antibiotics and/or pain medication as a substitute for oral surgery, without regard to the individual detainee's circumstances and needs. Although it is Plaintiffs' burden to demonstrate the appropriateness of class treatment when the court is ruling on a Rule 23 motion, *see Retired Chi. Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993), Defendants bear the burden on a Rule 12 motion. They have not met their burden here. *See Buonomo v. Optimum Outcomes, Inc.*, 301 F.R.D. 292, 295 (N.D. Ill. 2014) (discussing when it is appropriate to strike class allegations at the pleading stage and collecting cases).

## Conclusion

Defendants' motion to dismiss is denied. Defendants shall answer the operative complaint by March 20, 2017.

March 6, 2017

United States District Judge