UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER WILLIAMS, individually and for a class, | ) ) ) | |
| | ) | 16 C 7639 |
| Plaintiff, | ) ) | |
| | ) | Honorable Judge |
| vs. | ) ) | Gary Feinerman |
| SHERIFF OF COOK COUNTY and COOK COUNTY, ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendant, Sheriff Thomas Dart, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, Andrea L. Huff, and answers Plaintiff's Complaint as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343.

   **Answer**: Defendant admits that jurisdiction is proper as alleged in Paragraph 1 of Plaintiff's Complaint.

2. Plaintiff Walter Williams is a pre-trial detainee confined at the Cook County Jail and brings this action individually and for others similarly situated to secure prospective injunctive relief.

   **Answer**: Defendant admits that Walter Williams is a pretrial detainee but lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant Sheriff of Cook County is sued in his official capacity only.

   **Answer**: Defendant admits that Plaintiff is bringing an official capacity suit as alleged in Paragraph 3 of Plaintiff's Complaint.

4. Defendant Cook County controls the budget for the Cook County Jail, provides dental services for persons in custody at the Jail, and is a necessary party to this action.

**Answer**: Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Before 2007, defendant Cook County employed a full time oral surgeon at the Cook County Jail, who provided treatment to detainees five days a week.

**Answer**: Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. In 2007, defendants discontinued the services of the oral surgeon at the Jail.

**Answer**: Defendant deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. An oral surgeon is a dentist who has received additional three or four years of graduate training, gaining experience, *inter alia,* in performing extractions.

**Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. When confronted with a patient one of whose lower wisdom teeth requires extraction, a general dentist will often conclude that he (or she) lacks the training, skill, and experience to remove that tooth. The general dentist will then refer the patient to an oral surgeon.

**Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Delay in treatment by an oral surgeon will cause the patient to suffer gratuitous pain and subject the patient to a serious risk of harm, such as a more serious infection.

**Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Many of the detainees at the Cook County are held at the jail for more than two years before being released; this group includes many persons who require the extraction of lower wisdom teeth.

> **Answer**: Defendant denies the allegations relating to the detention of detainees and lacks sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. After defendants discontinued the services of the oral surgeon at the Jail in 2007, defendant Cook County sought to provide essential oral surgery services to detainees by adopting a policy of sending detainees requiring those services to Stroger Hospital.

> **Answer**: Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. This attempt to provide essential oral surgery services was ineffective because defendant Sheriff failed to provide sufficient resources to transport detainees requiring oral surgery services to Stroger Hospital.

> **Answer**: Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The policymakers for defendant County turned a blind eye to the Sheriff's refusal to provide sufficient resources to transport detainees requiring oral surgery services to Stroger Hospital.

> **Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. As a result of the foregoing, detainees would wait for more than a year before receiving treatment from an oral surgeon and thereby experienced gratuitous pain and suffered a serious risk of harm.

> **Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In 2011, defendants were informed by the chief of dental services at the Jail that it was "absolutely essential" to employ an oral surgeon to work full time at the Jail.

**Answer**: Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The chief of dental services at the Jail specifically advised defendants in 2011 that detainees had "definitely suffered" from the absence of an oral surgeon working full time at the Jail.

**Answer**: Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants turned a blind eye to the fact that it was "absolutely essential" to employ an oral surgeon to work at the Cook County Jail and have yet to fill the oral surgeon position that has been vacant since 2007.

**Answer**: Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. As the direct and proximate result of defendants' failure to hire an oral surgeon, plaintiff and numerous other detainees at the Jail have experienced, and will continue to experience, gratuitous pain and have been subjected to, and will continue to be subjected to, a serious risk of harm.

**Answer**: Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. In December of 2015, a dentist at the Jail concluded that plaintiff Williams required that a tooth be extracted.

**Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Plaintiff Williams has had several dental appointments at the Jail since December of 2015. The dentists who treated him agreed that the pain plaintiff was experiencing was caused

by a tooth that required extraction and was infected; none of the dentists who examined Williams was willing to perform the extraction.

> **Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint

21. Plaintiff Williams has not been treated by an oral surgeon, whose services he requires to alleviate his pain and extract the tooth.

> **Answer**: Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. As the direct and proximate result of defendants' refusal to hire an oral surgeon, plaintiff Williams and others similarly situated are experiencing gratuitous pain and are subjected to a serious risk of harm.

> **Answer**: Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Plaintiff Williams therefore brings this case individually and for the following proposed class:

> All persons currently confined at the Cook County Jail, or who will in the future be confined at the Jail, who have been referred by a dentist at the Jail for an extraction by an oral surgeon and have not been treated by an oral surgeon.

> **Answer**: Defendant admits that Plaintiff is attempting class certification but denies liability as alleged in Paragraph 23 of Plaintiff's Complaint.

24. The proposed class satisfies each of the requirements of Rule 23(a) and certification is appropriate under Rule 23(b)(2).

> **Answer**: Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

## **AFFIRMATIVE DEFENSES**

NOW COMES Defendant Thomas Dart by his attorney, Kimberly M. Foxx, State's Attorney of Cook County, through her Assistant State's Attorney, Andrea L. Huff, and hereby set forth the following Affirmative Defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate and of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault in an amount commensurate with the degree of fault attributed to Plaintiff by the jury in the case. In addition, to the extent that Plaintiff failed to take reasonable measures to mitigate any of his claimed injuries or damages, those facts shall be presented to preclude recovery for Plaintiff and any verdict or judgment obtained by Plaintiff must be reduced by the amount of damages attributed to Plaintiff by the jury in this case.

3. To the extent Plaintiff seeks punitive damages from this Defendant in his Official capacity, Defendant asserts immunity from same. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## **JURY DEMAND**

Defendant respectfully requests a trial by jury.

WHEREFORE, based on the foregoing, Defendant denies that Plaintiff is entitled to any relief, including but not limited to damages, costs, or attorneys' fees.  Defendant prays that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his Complaint and further request that this Honorable Court grant judgment of Defendant's fees, costs and such other relief that this Court deems just and appropriate.

Respectfully Submitted:

KIMBERLY M. FOXX
State's Attorney of Cook County

By: */s/ Andrea L. Huff*
Andrea L. Huff (#6257798)
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois  60602
(312) 603-3473
andrea.huff@cookcountyil.gov

## CERTIFICATE OF SERVICE

I, Andrea L. Huff, Assistant State's Attorney, depose and state that, in accordance with Fed. R. Civ. P. 5. LR5.5 and the General Order on Electronic Case Filing (ECF), I served this Notice, together with the documents herein referred, electronically via the ECF-CM system to the above-named attorney on March 20, 2017.

/s/ *Andrea L. Huff*
Andrea L. Huff